**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**SEGUNDO DE LA CRUZ VACA,**

**Petitioner,**

**vs.** **9:26-CV-2073 (MAD)**

**DAVID VENTURELLA, *et al.*,**

**Respondents.**

---

| **APPEARANCES:** | **OF COUNSEL:** |
| --- | --- |
| **LAW OFFICE OF KATHY MANLEY**<br>4343 Union Rd<br>Buffalo, New York 14225<br>Attorney for Petitioners | **KATHY E. MANLEY, ESQ.** |
| **OFFICE OF THE UNITED STATES ATTORNEY**<br>445 Broadway, Room 218<br>Albany, New York 12207<br>Attorney for Respondents | **ALEXIS M. OSBORNE, AUSA** |

**Mae A. D'Agostino, U.S. District Judge:**

# MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

On October 7, 2026, Petitioner Segundo De La Cruz Vaca filed a petition for habeas corpus seeking relief from his detention by the Department of Homeland Security's ("DHS") Immigration and Customs Enforcement Office ("ICE"). *See* Dkt. No. 1. Petitioner names the following individuals as Respondents: David Venturella, in his official capacity as Acting Director of ICE; Markwayne Mullin, in his official capacity as Secretary of DHS; Todd Blanche,

in his official capacity as Acting Attorney General of the United States; and Philip Rhoney, in his capacity as ICE's Acting Field Office Director of the Buffalo Field Office. *See id.*

Petitioner has been detained since October 7, 2026, and requests immediate release or a bond hearing. *See id.* Respondents oppose the Petition. *See* Dkt. No. 5. Petitioner filed a reply. *See* Dkt. No. 6.

The petition provides three facts: (1)"Petitioner . . ., a national of Ecuador, entered the United States in 2021 and, upon information and belief, was not encountered by ICE"; (2) "[h]e was living in the Albany, New York area at the time of his detention"; and (3) "Petitioner was detained in an apparently warrantless arrest on October 7, 2026, in Albany, New York." Dkt. No. 1 at ¶¶ 15-16. The response provides minimal additional information about Petitioner. Respondents provide documentation indicating that Petitioner is thirty-two years old; his mother, father, wife, and child live in Ecuador; he is unemployed; and he has no criminal history. *See* Dkt. No. 5-1 at 1, 3. In the reply, Petitioner's counsel contends Petitioner "was living with his wife and two daughters ([M] 8; and [A] 6 months, a US citizen) in Albany, New York at the time of his unlawful arrest." Dkt. No. 6 at 1.

The response includes DHS records related to Petitioner's arrest. On October 7, 2026, ICE was "conducting a targeted enforcement operation" in Albany, New York, and "[a] male subject matching the target of the enforcement operation's physical description entered a silver Ford pickup[.]" *Id.* at 2. The vehicle was registered to Petitioner. *See id.* ICE officers followed the vehicle and "activated their emergency lights and sirens and attempted to conduct a vehicle stop of the Ford pickup truck." *Id.* "The Ford pickup truck failed to pull over and continued onto" another road. *Id.* ICE officers "continued to follow at a safe distance[,]" the truck pulled onto another road, and "[a]s [] officers exited their vehicle, approximately four to five unknown male

subjects quickly exited the Ford pickup truck and fled on foot into a nearby wooded area." *Id.* ICE "officers dismounted their vehicles and chased the unknown subjects into the wooded area. After a brief foot pursuit, [Petitioner] was apprehended." *Id.* at 2-3. After being placed in handcuffs, Petitioner "verbally admitted to officers that he illegally crossed the Mexico/United States border." *Id.* at 3. Petitioner was then served with an I-200 arrest warrant. *See id.* Petitioner was also charged with being inadmissible and DHS detained him pursuant to "section 236 of the Immigration and Nationality Act." Dkt. No. 5-3 at 4; Dkt. No. 5-5. Petitioner requested an immigration judge to review his custody determination. *See* Dkt. No. 5-5. To date, he has not received a hearing.

## II. DISCUSSION

### A. Statutory Authority for Petitioner's Arrest

Petitioner alleges that his detention violates the Immigration and Nationality Act, 8 U.S.C. §§ 1226(a) and 1357(a)(2), as well as the due process and warrantless arrest protections set forth in the United States Constitution. *See* Dkt. No. 1.

Respondents first argue that "Petitioner's admission that he was unlawfully present provided probable cause, and his attempt to flee supported a contemporaneous, reasonable determination that he was likely to escape before a valid warrant could be secured. 8 U.S.C. § 1357[.]" Dkt. No. 5 at 2. Although not entirely clear to the Court, it appears that ICE officers were targeting another individual and, as a result, began following a vehicle which happened to be registered to Petitioner. They then detained Petitioner after he was one of the four-to-five individuals who ran out of the vehicle during a traffic stop. *See* Dkt. No. 5-1 at 2-3.

"'Section 1357(a)(2) provides ICE with limited authority to conduct warrantless arrests.'" *Rea v. Ball*, No. 9:26-CV-1248, 2026 WL 1959270, *2 (N.D.N.Y. July 2, 2026) (quoting

*Curimilma Quille v. Blanche*, No. 26-CV-2818, 2026 WL 1453889, *5 (E.D.N.Y. May 22, 2026)). "'Specifically, ICE must obtain a warrant before arresting a noncitizen unless the officer has reason to believe that the [noncitizen] is in the United States in violation of any such law or regulation and is likely to escape before a warrant can be obtained for his arrest.'" *Id.* (quoting *Curimilma Quille*, 2026 WL 1453889, at *5) (additional citation, quotation marks, and emphasis omitted); *see also Lopez Romero v. Genalo*, No. 26-CV-6184, 2026 WL 2240720, *2 (S.D.N.Y. Aug. 3, 2026) (noting that § 1357 "require[s] ICE to determine [the two factors] at the time of arrest"). "8 C.F.R. § 287.8(c)(2) echoes the two requirements for conducting a warrantless arrest of a noncitizen under section 1357(a)(2)." *Last Name Unknown v. Ball*, No. 26-CV-1249, 2026 WL 2096666, *3 (W.D.N.Y. July 21, 2026) "'Because of the difficulty of making an on-the-spot determination as to the likelihood of escape without any opportunity to verify information provided or to conduct a full-scale interview, an [ICE] officer's determination [pursuant to Section 1357(a)(2)] will not be upset if there is any reasonable basis for it.'" *Allen v. U.S. Dept. of Homeland Sec.*, No. 26-CV-4142, 2026 WL 2676901, *3 (S.D.N.Y. Sept. 11, 2026) (quoting *Contreras v. United States*, 672 F.2d 307, 308-09 (2d Cir. 1982)) (additional citation and quotation marks omitted) (alterations in original).

The record indicates that when ICE officers attempted to conduct a traffic stop of a vehicle being driven by the target of their enforcement operation, Petitioner fled on foot. *See* Dkt. No. 5-1 at 2-3. It does not appear that Petitioner was known to law enforcement, but after a foot pursuit and once he was apprehended, Petitioner stated he was not a citizen of the United States. *See id.* Therefore, it appears that Petitioner's warrantless arrest may have been lawful under § 1357.[1]

---

[1] In his reply, Petitioner agrees that § 1357 "requires . . . an individualized reason to believe both that the person is present in violation of immigration law and that the person is likely to escape before a warrant can be obtained." Dkt. No. 6 at 2. Petitioner contends, "Respondents offer no

However, "continued *detention* under [8 U.S.C.] § 1226(a) expressly requires a warrant . . . ." *Acuna v. Baltazar*, No. 26-CV-4226, 2026 WL 2945127, *2 n.2 (D. Colo. Oct. 1, 2026). Petitioner's initial custody determination indicates that he was detained by DHS on October 7, 2026, under "section 236 of the Immigration and Nationality Act." Dkt. No. 5-5. Therefore, DHS is detaining Petitioner pursuant to § 1226.

In their response, "Respondents acknowledge that, under the Second Circuit's decision in *Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026), Petitioner's present detention is governed by 8 U.S.C. § 1226(a)." Dkt. No. 5 at 2.[2] In that case, the Second Circuit determined that 8 U.S.C. § 1226(a) "plainly applies to noncitizens . . . who are present in the United States, but charged as inadmissible for entering the country without inspection and admission." *Barbosa da Cunha*, 175 F.4th at 73. Having reviewed the record and the recent case law in the Second Circuit on this matter, the Court finds no reason to deviate from that holding. Therefore, because Petitioner was not apprehended at the entrance of the country or shortly thereafter, but he has been charged as being inadmissible, § 1226(a) applies to his detention. *See*, *e.g.*, *Aguaiza-Pichazaca v. Wesling*, No. 2:26-CV-312, 2026 WL 2874705, *2-3 (D. Vt. Sept. 24, 2026); *Rea*,

---

declaration that the arresting officer made the second finding. Nor does the I-213 allege that they had any indication that Petitioner was likely to flee before they attempted to arrest him. Nor could they have as, again, they had no idea who he was ahead of time." *Id.* However, Petitioner does not dispute that after ICE officers attempted to conduct a traffic stop of a vehicle that was the target of an operation, Petitioner fled from the vehicle and then identified himself as a non-citizen. Petitioner also cites *Almonte v. Genalo*, No. 26-CV-3633, 2026 WL 2983349, *7 (E.D.N.Y. Oct. 5, 2026) and *Henriquez v. Venturella*, No. 9:26-CV-1709, Dkt. No. 7. In neither case did the respondents raise § 1357 as authority for the petitioner's arrest. The Court finds that Petitioner's flight from a vehicle which was being driven by the target of a law enforcement investigation combined with his admission that he is not a citizen likely satisfies § 1357. However, for the reasons stated in this decision, his continued detention without a hearing is inappropriate.

[2] Respondents are correct that the Supreme Court has granted the Government's petition for a writ of certiorari in *Barbosa da Cunha*. *See Rhoney v. Barbosa da Cunha*, 609 U.S. —, No. 26-104, 2026 WL 2942994 (U.S. Oct. 1, 2026); *see also* Dkt. No. 5 at 2.

2026 WL 1959270, at *2; *R.J.S.R. v. Mullin*, No. 26-CV-3611, 2026 WL 1803649, *2 (E.D.N.Y. June 23, 2026).

Respondents contend "Petitioner was provided the process that is due under § 1226(a)." Dkt. No. 5 at 3. They assert that Petitioner "was served with an administrative immigration arrest warrant and a Notice to Appear in immigration court. Additionally, Petitioner was provided a Form I-286 that informed him of the opportunity to request review of his custody determination by an Immigration Judge." *Id.* According to Respondents, Petitioner "has availed himself of that right, and a bond hearing will be scheduled imminently." *Id.*

Section 1226(a) states, "On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). The record includes two warrants, a notice to appear, and a custody determination which reference § 1226. *See* Dkt. Nos. 5-2, 5-4, 5-5.[3] "[I]n exercising *discretionary* authority to detain a noncitizen under Section 1226(a), ICE must conduct an individualized inquiry into whether the noncitizen presents a flight risk or danger to persons or property, provide the noncitizen an opportunity to be heard *before* ICE makes its custody determination, and afford an appeal of the initial custody determination." *Sanchez v. Joyce*, No. 2:26-CV-2285, 2026 WL 2836366, *3 (E.D.N.Y. Sept. 21, 2026) (collecting cases).

---

[3] As Petitioner notes in his reply, the warrants indicate that Petitioner's identity was confirmed through "biometric[s]" and "a records check of federal databases that affirmatively indicate" that Petitioner lacks immigration status. Dkt. No. 5-2; Dkt. No. 5-4; *see* Dkt. No. 6 at 5. One warrant is signed at 7:19 A.M. and the other is signed at 10:45 A.M. *See* Dkt. Nos. 5-2, 5-4. However, DHS's Report of Deportable/Inadmissible Alien indicates that the record checks for Petitioner were "negative." Dkt. No. 5-1 a 2. The record also states, "No pending or approved benefit applications were found for De La Cruz to remain in the United States." *Id.* at 3. Therefore, either the warrants are false because ICE officers did not confirm Petitioner's identity with biometric data and affirmative records, or such records are missing from the record.

There is no indication in the record that Petitioner was afforded an opportunity to be heard *before* he was detained pursuant to the authority under § 1226. Therefore, the Court disagrees with Respondents that Petitioner received the process he was due.

Petitioner has been detained since October 7, 2026, and has yet to be afforded a bond hearing. Contrary to Respondents' assertion, it does not appear that a "hearing will be scheduled imminently." Dkt. No. 5 at 3. "Section 1226(a) requires an initial custody determination, not an eventual one." *R.J.S.R.*, 2026 WL 1803649, at *3. Indeed, "'[t]he Fifth Amendment entitles noncitizens to due process of law . . . whether their presence here is lawful, unlawful, temporary, or permanent.'" *Morales v. Joyce*, No. 26-CV-6723, 2026 WL 2445050, *6 (S.D.N.Y. Aug. 20, 2026) (quoting *Velasco Lopez v. Decker*, 978 F.3d 842, 850 (2d Cir. 2020)).

**B. Due Process**

"In this Circuit, the adequacy of the process provided in civil immigration confinement is determined through application of the *Mathews v. Eldridge* balancing test." *Garcia Lanza v. Noem*, 822 F. Supp. 3d 326, 335 (E.D.N.Y. 2026); *see Mathews v. Eldridge*, 424 U.S. 319 (1976); *Hernandez Villasmil v. Blanche*, No. 9:26-CV-713, 2026 WL 1235068, *8 (N.D.N.Y. May 5, 2026); *Black v. Decker*, 103 F.4th 133, 151 (2d Cir. 2024). The three *Mathews* factors are as follows: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Qureshi v. Rhoney*, No. 9:26-CV-1439, 2026 WL 2321551, *3 (N.D.N.Y. Aug. 11, 2026); *see Mathews*, 424 U.S. at 335.

Respondents do not discuss or apply the *Mathews* factors. *See* Dkt. No. 5. This is a choice that has been repeatedly made by the Government in their briefing. *See Khan v. Venturella*, , No. 9:26-CV-1800, 2026 WL 2969757, *5 (N.D.N.Y. Oct. 2, 2026) ("Respondents do not address the *Mathews* factors whatsoever in their response"); *Rodriguez-Acurio v. Almodovar*, 811 F. Supp. 3d 274, 318 (E.D.N.Y. 2025) ("Respondents have not addressed any of the *Mathews v. Eldridge* factors"); *Reyes Rodriguez v. Venturella*, No. 9:26-CV-1440, Dkt. No. 6 (N.D.N.Y. July 30, 2026); *Lazarte v. Venturella*, No. 9:26-CV-1534, Dkt. No. 7 (N.D.N.Y. Aug. 21, 2026); *Mejia-Pina v. Bondi*, 824 F. Supp. 3d 267, 274 (E.D.N.Y. 2026) ("Respondents fail to address any of the *Mathews v. Eldridge* factors"); *Senechaleunsouk v. Blanche*, No. 2:26-CV-2555, 2026 WL 2541935, *3 (W.D. Wash. Aug. 28, 2026) ("Respondents do not address any of the *Mathews* factors"); *Singh v. Lewis*, No. 4:26-CV-574, 2026 WL 3017038, *4 (W.D. Ky. Oct. 7, 2026) ("[T]he respondents do not address any of the *Mathews* factors, so they have not identified any government interest for the Court to consider"). Even if Respondents disagree that the *Mathews* factors should be applied, they are well aware that courts across the country, and this Court in particular, apply those factors in cases such as this. There is no reason provided in the response for why Respondents continue to leave the *Mathews* factors unaddressed.

As to the first *Mathews* factor, Petitioner's private interest "is the most significant liberty interest there is—the interest in being free from imprisonment." *Rashid v. Trump*, 807 F. Supp. 3d 349, 367 (D. Vt. 2025) (quoting *Velasco Lopez*, 978 F.3d at 851); *see also Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004) (citations omitted). Section "1226(a)'s implementing regulations require an individualized determination as to whether the detention of a noncitizen is appropriate after considering whether the noncitizen (1) is a danger to property or persons and (2) is likely to appear for any future proceeding." *Farfan Parra v. Ball*, No. 9:26-CV-1162, 2026 WL 1960934,

*4 (N.D.N.Y. June 30, 2026) (internal quotation marks omitted) (quoting Hyppolite v. Noem, 808 F. Supp. 3d 474, 491 (E.D.N.Y. 2025)). As stated, Respondents "have not demonstrated, or even suggested, that any individualized determination was made as to whether Petitioner posed any risk of flight or danger before he was detained." *Id.* Respondents likewise provide no justification for why Petitioner has not received his requested bond hearing before an immigration judge.

As to the Government's interests, "courts have recognized that detention in the immigration context has two regulatory goals: ensuring the appearance of [noncitizens] at future immigration proceedings and preventing danger to the community." *Martins*, 837 F. Supp. 3d at 397 (citations and quotation marks omitted)). Respondents have not shown how Petitioner's detention furthers these goals. As noted, Respondents do not discuss the *Mathews* factors, at all.

Based on the foregoing, the Court finds that Petitioner has established a due process violation and a prompt bond hearing is warranted. The Government shall bear the burden at that hearing. *See Perez v. Warden of Orange Cnty Corr. Facility*, No. 26-CV-5013, 2026 WL 2676583, *7 (S.D.N.Y. Sept. 11, 2026); *Gaete v. Dept. of Homeland Sec.*, No. 1:26-CV-5650, 2026 WL 2533373, *7 (S.D.N.Y. Aug. 27, 2026); *Fuentes Cordero v. Mullin*, No. 9:26-CV-1381, 2026 WL 2254814, *2 (N.D.N.Y. Aug. 5, 2026); *Nany v. Blanche*, No. 1:26-CV-01187, 2026 WL 1842635, *6 (W.D.N.Y. June 26, 2026); *Allen*, 2026 WL 2676901, at *6.

## III. CONCLUSION

Accordingly, after carefully reviewing the entire record in this matter, the parties' submissions, and the applicable law, the Court hereby

**ORDERS** that Petitioner's petition for writ of habeas corpus (Dkt. No. 1) is **GRANTED**; and the Court further

**ORDERS** that Petitioner's request for costs and reasonable attorneys' fees is **DENIED** as premature; and the Court further

**ORDERS** that Petitioner's request for immediate release (Dkt. No. 6) is **DENIED**: and the Court further

**ORDERS** that Respondents shall provide Petitioner with an individualized bond hearing no later than Monday, October 19, 2026, at 5:00 P.M. EST; and the Court further

**ORDERS** that Respondents shall bear the burden of proof at that hearing; and the Court further

**ORDERS** that Respondents shall certify compliance with the Court's order regarding Petitioner's hearing no later than Tuesday, October 20, 2026, at 12:00 P.M. EST; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Petitioner's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 15, 2026
Albany, New York

Mae A. D'Agostino
U.S. District Judge